

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00302-CR

EUGENE NIMELY JOHNSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eugene Nimely Johnson made an open plea of guilty to the offense of aggravated robbery, seeking community supervision. The jury assessed his punishment at seven years' confinement, and this appeal followed. Now, in two issues, he complains that the trial court erred by failing to give "the section 26.13 warnings," and that his sentence constitutes an abuse of discretion. We reverse and remand.

---

[1]*See* Tex. R. App. P. 47.4.

In his first issue, Appellant argues that the trial court erred by failing to give the admonishments required by article 26.13(a)(1)–(5) of the Texas Code of Criminal Procedure before accepting his guilty plea, affecting his substantial rights under rule of appellate procedure 44.2(b).[2] Specifically, he complains that the trial court failed to admonish him of the deportation consequences of pleading guilty if Appellant was not a citizen of the United States. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4). The State concedes that the trial court erred by failing to admonish Appellant as required by article 26.13(a)(4).

There is no burden on either party to prove harm or harmlessness resulting from the error, but when the record is either silent on citizenship or insufficient to determine citizenship, the trial court's failure to admonish a defendant on the immigration consequences of a guilty plea establishes harm under the standard of rule 44.2(b). *VanNortrick v. State*, 227 S.W.3d 706, 709, 714 (Tex. Crim. App. 2007).

In the instant case, there is no direct evidence of Appellant's citizenship status. Appellant contends that the testimony of Leon Deemi, Appellant's maternal uncle, cast doubt about whether Appellant was a citizen. Leon testified

---

[2]Article 26.13(a) contains admonishments of (1) the range of punishment, (2) the fact that an agreed plea bargain is not binding on the trial court, (3) that permission of the trial court is required to appeal in an agreed plea bargain scenario, (4) the consequences of a guilty or nolo contendere plea on a defendant's citizenship status, and (5) the sex offender registration requirement when applicable. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)–(5) (West Supp. 2010).

that he came to this country in 1988, when Appellant was two months old; at that time Appellant was living with his mother. Appellant's mother, Esther Deemi, testified that, at the time of trial, she had been a United States Postal Service employee for thirteen years, and prior to that, had served ten years in the United States military.

At the time of trial, Appellant was twenty-one years old, so at the time of his birth, his mother was in the United States military. However, under 10 U.S.C.A. § 504(b)(1), a person may be enlisted in any armed force if the person is a "national of the United States" or "an alien lawfully admitted for permanent residence."[3] 10 U.S.C.A. § 504(b)(1)(A)–(B) (West 2010). A "national of the United States" under the immigration code means either a U.S. citizen or "a person who, *though not a citizen of the United States*, owes permanent allegiance to the United States." 8 U.S.C.A. § 1101(a)(22) (West 2005) (emphasis added). And just being lawfully admitted for permanent residence or being a "national of the United States" does not make one a citizen. *See id.* § 1101(a)(20), (22); *see also id.* §§ 1422–27 (West 2005) (setting out eligibility and requirements for naturalization). From Appellant's mother's presence in the military when Appellant was born, we can only conclude that she could have been a citizen, a national who was not a citizen, *or* an alien lawfully admitted for

---

[3]There are additional options for persons subject to the Compact of Free Association between the United States and the Federated States of Micronesia, the Republic of the Marshall Islands, or Palau. 10 U.S.C.A § 504(b)(1)(C) (West 2010).

permanent residence. No one testified about where Appellant was born, and nothing in the record shows that he was born on U.S. soil, which would make him a citizen. *See id*. § 1401 (West 2005) (setting out different ways to be born a U.S. citizen). Finally, no one at trial testified about whether Appellant's mother was a U.S. citizen or subsequently became one, and when. *See id.* § 1431 (West 2005) (setting out elements for a child's automatic derivative naturalization when a parent becomes naturalized). That is, the record tells us *nothing* about Appellant's citizenship status. Because the record is insufficient to determine Appellant's citizenship status, the trial court's failure to admonish him on the immigration consequences of a guilty plea establishes harm under the standard of rule 44.2(b). *See VanNortrick*, 227 S.W.3d at 714. Therefore, we sustain Appellant's first issue.[4]

Having sustained Appellant's first issue, we reverse the trial court's judgment and remand this case to the trial court for a new trial.

PER CURIAM

PANEL: CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting By Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2011

---

[4]Based on our resolution here, we do not reach his second issue. *See* Tex. R. App. P. 47.1.